[Civ. No. 5999. First Appellate District, Division One.—November 9, 1927.]

A. KNOWLES, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and ELSA LUNDGREN et al., Respondents.

R. P. Wisecarver for Petitioner.

G. C. Faulkner for Respondents.

TYLER, P. J.—*Certiorari* to review an award of the Industrial Accident Commission.

The petition sets forth that on December 10, 1926, one John Swanson was in the employ of petitioner working on the Relief Home of San Francisco. He was a laborer and it was part of his duty to rig the scaffolding used in connection with the work. Subsequently, while he and certain plasterers were on the scaffolding, in the course of their employment, the wall to which the same was attached gave way and fell, precipitating the men to the ground some fifty feet below. As a result of the accident Swanson was killed and the respondents Lundgren, applicants before the Commission, were awarded compensation as partial dependents in the amount of $1,560. This award was accepted by the insurance carrier of petitioner and was paid. In the same proceeding an additional claim was made that petitioner was guilty of serious and wilful misconduct.

On June 20, 1927, the Commission made and entered its findings of fact and in addition to normal compensation it found: "Said injury and death was caused by the serious and wilful misconduct of the employer and the amount of compensation otherwise recoverable for said injury and death found herein is increased one-half, said one-half to be paid directly by the employer and to be in addition to the normal compensation." Thereafter within twenty days, petitioner asked for a rehearing. ■ It was claimed that the Commission acted without and in excess of its powers; that the evidence did not justify the findings of fact; that the findings of fact did not support the order and the findings and award were unreasonable. This petition was denied. The same contentions are here made in support of the present application. We are of the opinion that they are without merit as there is evidence in the record to fully support the conclusion by the Commission. So much thereof as is necessary to support the findings shows that petitioner had a contract to do certain plastering on the Relief Home in San Francisco. In the performance of his work he used a scaffold which was suspended to the fire-wall of the building by means of hooks. This fire-wall had not been constructed in conformity with the law governing the erection of buildings. The additional weight of the scaffolding and the men caused it to collapse, with the result as above narrated. Petitioner and his superintendent had concluded that owing to the character of scaffold used it was unnecessary to install tie-backs or life-lines to insure the safety of the workmen and none were used, notwithstanding they were familiar with the fact that the law required these precautions to be taken. It is petitioner's contention that the accident was not due to a lack of these instruments of safety, but rather to the faulty construction of the fire-wall and that the accident would have happened just the same had the hooks been tied back to the roof and life-lines installed. But this may or may not be true. How can we say that the fire-wall might not have received support from the tie-back, or that the presence of life-lines would not have afforded the employee an opportunity to protect himself by grasping the same? ■ The law provides that it shall be the duty of an employer who uses scaffolding to furnish safety lines to tie all hooks and

hangers back to the roof of the building upon which the work is being performed and, in addition, to provide safety lines hanging from the roof securely tied thereto (Stats. 1913, chap. 48, sec. 2, p. 50; amended Stats. 1921, p. 450). The violation of this law is by the statute made punishable under section 402c of the Penal Code. Similar provisions are contained in the Workmen's Compensation Act (Stats. 1917, p. 831), and the safety orders of the Industrial Accident Commission. It was the duty of the employer to comply with these safety provisions irrespective of the fact that he was unfamiliar with the faulty construction of the fire-wall and he had no right to conclude that these safety devices were unnecessary by reason of the character of scaffolding he employed. He was familiar with the law and regulations upon the subject and his failure to comply with them justified the Commission, under the provisions of section 6b of the Compensation Act, in penalizing petitioner in the manner which it did. (*Blue Diamond Co.* v. *Industrial Acc. Com.*, 188 Cal. 403–407 [205 Pac. 678].)

The award is affirmed.

Knight, J., and Cashin, J., concurred.

Petitioner's application to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 5, 1928.